**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Richard Lance Williams,

             Plaintiff,                            Case No. 2:11–cv–822

    v.                                          Judge Watson

Michael J. Astrue, Commissioner of          Magistrate Judge Abel
Social Security,

             Defendant.

## OPINION AND ORDER

On April 16, 2012, Magistrate Judge Abel issued a Report and Recommendation in this case which recommended the Court affirm the Administrative Law Judge's ("ALJ") decision. ECF No. 15. Plaintiff objects to all of Magistrate Judge Abel's findings. ECF No. 17. For the following reasons, the Court finds Plaintiff's objections to the Report and Recommendation are without merit and adopts the recommendations of Magistrate Judge Abel.

Plaintiff Richard Lance Williams ("Plaintiff" or "Williams"), who was 40 years old at the time of the hearing before the ALJ, maintains that he has been disabled since age 37 by diabetes and diabetic neuropathy. He has a high school education and two years of college. From 1992 to 2004, Williams performed clerical work for a title company, traveling the state to close loans. The ALJ found that Williams retains the

ability to perform jobs having medium exertional demands, including his former job as a loan closer which was skilled but sedentary.

In his statement of specific errors, Plaintiff argues the ALJ: (1) failed to follow the treating physician rule; (2) failed to properly evaluate Mr. Williams's credibility; and (3) relied on flawed vocational expert testimony. Magistrate Judge Abel recommended the Court affirm the decision of the ALJ in all respects. Plaintiff's objections mirror his initial arguments.

First, Plaintiff argues that the ALJ and Magistrate Judge erred in rejecting the opinion of Dr. Sheri Hart, Williams's treating neurologist at the Ohio State University Hospitals. Plaintiff argues that Dr. Hart's opinion was based on clinical and objective findings of extremity pain and numbness, dizziness/loss of balance, and QSART testing. Further, Plaintiff argues that it should not matter that no physician's notes stated Plaintiff was disabled because office notes are not kept in anticipation of litigation, but for the purposes of recording the patient's symptoms, diagnosis, and treatment. Finally, Plaintiff argues the ALJ erred in failing to weigh Dr. Hart's opinions under the 20 C.F.R. § 404.1527(d)(2)–(6) factors.

Dr. Hart's opinion is that Plaintiff was limited in his daily activities by pain and lightheadedness related to his neuropathy and that he was unlikely to ever recover. Dr. Hart opined Plaintiff could sit 4 hours and stand or walk for 2 hours in a 8-hour work day, could occasionally lift, but not carry, up to 10 pounds, and would be absent from work 2-3 times a month.

The ALJ gave this opinion little weight because it was "not entirely supported by the objective evidence of record or even Dr. Hart's own treatment notes." For example,

in July 2009, Dr. Hart released Plaintiff from further follow-up because he indicated he was happy with the control of his symptoms. The Magistrate Judge described the objective medical evidence on which Dr. Hart based her conclusion and determined it did not demonstrate severity or frequency of symptoms. The Magistrate Judge also noted that Williams frequently reported an improvement in some or all of his symptoms.

The Magistrate Judge properly concluded that the ALJ gave sufficient reasons for rejecting Dr. Hart's opinion. No matter what other 20 C.F.R. § 404.1527(d)(2)-(6) factors weighed in favor of giving Dr. Hart's opinion credence, Dr. Hart's opinion was not supported by the objective medical evidence and therefore did not need to be given controlling weight. Only when the treating doctor's opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record" must the Commissioner give it controlling weight. 20 C.F.R. § 404.1527(d)(2).

As to credibility, Plaintiff argues that his daily activities are not so extensive as to support the ALJ's or the Magistrate Judge's findings that his activities were inconsistent with being totally disabled. Plaintiff also argues the Magistrate Judge should not have relied on potentially conflicting statements about alcohol and marijuana use. In addition, Plaintiff argues that the ALJ improperly used boilerplate language to state Plaintiff's symptoms were inconsistent with the residual functional capacity (ability to work) assessment.

The ALJ relied on the fact Williams worked as a part-time loan closer, drove his mother to and from work, flew to Florida and spent four days there, ran errands, visited friends and family, and watched television to support a finding that Plaintiff's description

of his symptoms was not credible. These activities, though moderate, are consistent with the ability to perform a job with medium exertional demands.

In addition, Magistrate Judge Abel was free to note the inconsistencies in Plaintiff's self-reporting on his drug and alcohol use. For example, although Williams mostly told physicians that he was a light or moderate drinker, he has three driving under the influence ("DUI") convictions, the most recent of which was the weekend before the administrative hearing. Williams told at least one physician that he does not use alcohol. Although the ALJ noted the inconsistencies may not have been malicious, the ALJ still relied on the inconsistencies as proof that Plaintiff's self-reports may not be all together reliable.

Furthermore, the ALJ did not simply put forth boilerplate language when assessing Plaintiff's credibility. Although some of the language in the ALJ's opinion mirrors the "template" language rejected by the Seventh Circuit in *Bjornson v. Astrue*, 671 F.3d 640, 645–46 (7th Cir. 2012), unlike the ALJ in *Bjornson* the ALJ in Plaintiff's case goes on to explain the credibility determination in greater detail.

> In addition to the general lack of objective evidence to support his subject complaints, there are other considerations that weigh against the claimant's overall credibility.
>
> The claimant's daily activities, as described earlier in this decision, are not consistent with the level of persistence of symptoms alleged, and they are not credibly restricted to the extent that the claimant would be precluded from the range of work assessed herein.
>
> Further, despite alleging significant shoulder pain, the record reflects that the claimant was discontinued from physical therapy due to lack of follow-up (Exhibit 10F, p. 6).

The record also contains inconsistent and exaggerated statements that further detract from the claimant's overall credibility. For example, the claimant was not entirely honest in regards to his alcohol and marijuana use. The record reflects that the claimant advised the consultative evaluator that he did not use or abuse any substances (Exhibit 6F, p.1). There are other records which show he reported occasional use and also denied use (see e.g. Exhibits 9F, p. 2 and 14F, p. 15).

Although the inconsistent/exaggerated information provided by the claimant may not be the result of a conscious intention to mislead, nevertheless, such statements suggest that the information provided by the claimant generally may not be entirely reliable.

R. 17–18. The ALJ's credibility determination is supported by substantial evidence in the record.

Finally, Plaintiff argues that the vocational expert's testimony was flawed because it was based on the ALJ's flawed residual functional capacity findings. Plaintiff asserts that the ALJ failed to cite any medical opinion that supported her conclusion that Williams could perform work having medium exertional demands.

Substantial evidence supports the ALJ's residual functional capacity assessment. The ALJ properly considered whether the clinical examination findings and laboratory tests in the record supported Plaintiff's allegations. The record does not document severe symptoms or complaints indicating that Plaintiff has greater limitations than those found by the ALJ. Because there is substantial evidence supporting the ALJ's residual functional capacity findings, the ALJ did not err by relying on the testimony of the vocational expert based on those findings.

The Court **DENIES** Plaintiff's objections and **ADOPTS** the Report and

Recommendation. The decision of the Commissioner is **AFFIRMED.** The Clerk of

Court shall enter judgment for defendant.

     **IT IS SO ORDERED.**

**MICHAEL H. WATSON**
**UNITED STATES DISTRICT JUDGE**